IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Lamont Antwon Cole (R25668), | ) |
| Plaintiff, | ) |
| | ) Case No. 18 C 50022 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| Jacqueline Lashbrook, et al., | ) |
| Defendants. | ) |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied because it is incomplete. Plaintiff's complaint [1] is dismissed pursuant to *Heck* and for failure to state a claim upon which relief may be granted. To the extent that plaintiff's claims challenging his conviction have not yet accrued due to *Heck*, the dismissal is without prejudice. Plaintiff's remaining claims are dismissed with prejudice. As the complaint consists of non-actionable, untimely, and frivolous claims, this dismissal counts as one of plaintiff's three allotted dismissals (i.e., "strikes") under 42 U.S.C. § 1915(g). All pending motions [4] are denied as moot. The Clerk of Court is directed to enter final judgment. This case is terminated.

**STATEMENT-OPINION**

Plaintiff Lamont Antwon Cole, an Illinois prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against judges involved in his criminal proceedings, the prosecutor, in that case, Illinois Attorney General Lisa Madigan, Winnebago County Sheriff Richard Myers, and Menard Correctional Center's Warden, Jacqueline Lashbrook. He allegedly "is presently being held in Menard Penitentiary illegally under fraudulent pretences [sic]," ([1] at 5), after being found guilty in a 2012 bench trial and sentenced in 2013 to a 165-year sentence for first degree murder, four consecutive terms of 25 years for the attempted first degree murder of four others. (*Id*. at 6.) A related felony murder conviction was "vacated on direct appeal." (*Id*.) He attacks both his arrest and conviction, arguing generally that his arrest warrant was based upon false identifications of him as the shooter; his arrest on May 27, 2011, lacked probable cause; prosecutors engaged in misconduct and conspiracy to manufacture charges against him; and the presiding judges improperly ruled against him or failed to rule on his motions, some of which were submitted several years after his trial. He seeks "an evidentiary hearing, relief from final judgment, immediate release, certificate of innocence, and vouchers" to assist him "to re-enter society" and obtain housing, education, food, clothing, and other items, or, "[i]n the alternative, revers[sal of his] convictions and sentences, remand for new trial, immediate release recognicance [sic] bond, pending new trial." (*Id*. at 19.) Before this court is plaintiff's application

1

to proceed *in forma pauperis* [3] and his complaint for initial review under 28 U.S.C. § 1915A [1].

*Plaintiff's Application for Leave to Proceed In Forma Pauperis*

Plaintiff seeks leave to proceed without prepayment of the filing fee, i.e., leave to proceed *in forma pauperis* [3]. His application, however, is incomplete and is therefore denied without prejudice. The Prison Litigation Reform Act requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to prepay the fee, he may submit an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Here, plaintiff's application is incomplete. Plaintiff has failed to provide a completed certificate from an authorized official. Additionally, plaintiff has not provided accurate and complete information in paragraph 4 of the application. A review of plaintiff's trust fund account statement reveals he has received over $700 in the past 12 months in the form of salary or wages and gifts. This information is not reflected in paragraph 4. Therefore, plaintiff's application is incomplete and denied.

*Initial Review of Plaintiff's Complaint*

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Although a *pro se* plaintiff's complaint is liberally construed and all reasonable inferences are viewed in his favor, if he pleads facts demonstrating he has no viable federal claim, the court may dismiss the suit. *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011). "[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Here, challenging various components of his prosecution and trial that resulted in the convictions for which he is incarcerated, plaintiff alleges that he is being "illegally" imprisoned; he seeks "immediate release" from custody. Release from incarceration, however, is not

available under § 1983. A petition for a writ of habeas corpus—not a § 1983 action for damages—is the sole federal remedy for challenging the fact or duration of a prisoner's incarceration. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitfield v. Howard*, 852 F.3d 656, 661 (7th Cir. 2017) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks *immediate or speedier release*, even though such a claim may come within the literal terms of § 1983.") (emphasis in original) (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (2006)).

Although a federal petition for habeas corpus relief may be an avenue for relief for plaintiff, "[a] court cannot on its own convert a § 1983 suit to one under § 2254; the two kinds of actions have different conditions, different defendants (or respondents), and different consequences on either success or an adverse outcome." *Lacy v. Indiana*, 564 Fed. App'x. 844, 845 (7th Cir. 2014); *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) ("[W]e must look at the court's decision to change the kind of case [the plaintiff] was bringing . . . . We have held on several occasions that the district courts should not do this, even if the *pro se* litigant has mistaken the nature of [his] claim."). When considering how to proceed, plaintiff is advised that he must exhaust state court remedies before he can pursue a federal habeas petition under 28 U.S.C. § 2254. To do so, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (addressing 28 U.S.C. § 2254(b)'s exhaustion requirement). In other words, if plaintiff wants to pursue federal habeas relief, he must first present his claim through one full round of state review (state trial, appellate and supreme courts).

The court is not saying plaintiff has a viable claim or that he should file a habeas petition. But if plaintiff chooses to re-file his claims, he must bring the habeas action against the proper respondents and in a proper venue. To proceed on a habeas action, a petitioner "must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian." *Samirah v. O'Connell*, 335 F.3d 545, 551-52 (7th Cir. 2003). The proper respondent in this case is the warden where plaintiff currently is incarcerated. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (explaining that an incarcerated habeas petitioner's warden is only proper respondent in a habeas corpus case). Plaintiff's complaint seeking release from custody under § 1983 is thus dismissed.

For completeness' sake, the court notes that, even if plaintiff were seeking relief available under § 1983, he could not proceed. First, plaintiff's claims regarding multiple aspects of his criminal proceedings overtly challenge his convictions and sentences and thus run afoul of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* instructs that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. If so, until the sentence has been invalidated, the cause of action for damages does not accrue. *Heck*, 512 U.S. at 490. When analyzing "whether *Heck* requires dismissal, we must consider the factual basis of the claim and determine whether it

3

necessarily implies the invalidity of [the plaintiff's] conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014).

Claims regarding faulty evidence, however, "occur only when [that] evidence is used at trial," so such claims "necessarily . . . accrue[] during the trial and implicate[] the validity of the conviction." *Harris v. City of Chicago*, No. 14-CV-4391, 2015 WL 1331101, at *5 (N.D. Ill. Mar. 19, 2015) (citing *Saunders-El v. Rohde*, 778 F.3d 556, 560-62 (7th Cir. 2015), and describing accrual of fabricated evidence claims against police officers); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) (holding that "[a] *Brady* claim . . . [is controlled] by *Heck* []" and does not accrue until conviction or sentence is set aside); *Ellis v. City of Chicago*, No. 13 CV 2382, 2016 WL 212489, at *10 (N.D. Ill. Jan. 19, 2016) (explaining that plaintiff's allegation that defendant police officers fabricated evidence and provided false testimony went "to the heart of [his] state court conviction" and thus was premature under *Heck*); *Kearney v. Wadsworth*, No. 1:13-CV-1850, 2014 WL 1339665, at *7 (M.D. Pa. Apr. 3, 2014) (holding that due process "claim arising from an unconstitutional identification procedure would imply the invalidity of Plaintiff's convictions" and thus would be "barred by *Heck*"). Similarly, plaintiff's protestations that he is being "illegally" incarcerated are impermissible under *Heck*.

Accordingly, plaintiff's claims regarding his trial are premature, given his standing convictions and sentence. *See Heck*, 512 U.S. at 490 (explaining that, until sentence has been invalidated, cause of action for damages simply "does not accrue"). As explained above, plaintiff's only remedy, while his convictions and sentences stand, is through a petition for writ of habeas corpus.

Second, any claim related to plaintiff's 2011 arrest and any pre-arrest police conduct is untimely. The limitations period for a claim pursuant to § 1983, drawn from Illinois' personal injury law, *Owens v. Okure*, 488 U.S. 235, 240–41, 249–50 (1989) (citation omitted), requires a plaintiff to bring suit within two years of the claim's accrual. *Wallace v. Kato*, 549 U.S. 384, 396 (2007); 735 ILCS 5/13–202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). That two-year clock begins to run on most claims related to searches and seizures at the time of the challenged events. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) ("[A] Fourth Amendment claim accrues at the time of the search or seizure[.]") (citing *Wallace*, 549 U.S. at 396; *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010)); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (search and seizure); *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir.1997) (false arrest and excessive force); *Terry v. Chicago Police Dep't*, 200 F. Supp. 3d 719, 724 (N.D. Ill. 2016) (false arrest and unreasonable force); *Hudson v. Cassidy*, No. 05 C 5623, 2006 WL 3524420, at *3 (N.D. Ill. Dec. 5, 2006) (excessive force).

Plaintiff challenges events that occurred on approximately May 27, 2011, more than six and a half years before he submitted his complaint to initiate this lawsuit. Plaintiff thus brought his claims challenging his arrest years past the expiration of the two-year statute of limitations. Accordingly, claims challenging plaintiff's arrest are untimely.

The court can conceive of no way in which plaintiff could cure the deficiencies with his complaint at this time, given the passage of time since his seizure, and his still-valid convictions

and sentences.[1] The complaint is thus dismissed. *See* 28 U.S.C. § 1915A. The dismissal is without prejudice to plaintiff's ability to seek relief in state court, in a federal petition for habeas corpus relief after exhausting state court remedies, or even in another § 1983 action for damages if and when his conviction is invalidated. But he cannot presently proceed with this case. "A complaint that is barred by *Heck* is considered legally frivolous and counts as a strike under 28 U.S.C. § 1915(g)." *Conroy v. Henry*, No. 16-CV-750-JPG, 2017 WL 1346636, at *7 (S.D. Ill. Apr. 12, 2017) (citing *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997)); *Woods v. McHale*, No. 14 CV 5689, 2014 WL 4803107, at *2 (N.D. Ill. Sept. 26, 2014) (collecting cases holding that § 1983 suits barred by *Heck* are legally frivolous and thus warrant strikes under § 1915(g)); *see also Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (internal citations omitted) ("A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice."). In light of this principle and the fact that the rest of the complaint fails to state a claim upon which relief may be granted, *see Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (explaining that dismissal for failure to state claim may be appropriate where plaintiff pleads facts that establish untimeliness), the dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

Final judgment will be entered. If plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is advised that if a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a properly supported motion for leave to proceed *in forma pauperis* in this court that includes a list of issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if plaintiff wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See*

---

[1] The complaint suffers from an additional flaw—most of the named defendants would be immune from claims for damages. State-court judges are absolutely immune from damages claims for "acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (internal quotation marks and emphasis omitted); *see also Pierson v. Ray*, 386 U.S. 547 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (citation omitted). Prosecutors, in turn, are absolutely immune from suits for damages arising from prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.").

FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

Date: 2/22/2018                    ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)